**STATE v. WILKINS**

[128 N.C. App. 315 (1998)]

STATE OF NORTH CAROLINA v. CURTIS WAYNE WILKINS

No. COA96-1507

(Filed 6 January 1998)

**Criminal Law § 1093 (NCI4th Rev.)— Structured Sentencing— prior record points—appeal from district to superior court withdrawn—remanded to district court—session at which conviction occurred**

The trial court did not err when sentencing defendant for assault with a deadly weapon inflicting serious injury in its determination of prior record points pursuant to N.C.G.S. § 15A-1340.14(b) where defendant had appealed a district court conviction to superior court and then withdrew the appeal, so that the matter was remanded to district court, and the superior court treated the remanded conviction separately from other convictions and awarded an extra point. Although the record did not show the date the case was taken back to district court and defendant contended that it must have been at the same session as the other convictions, so that only one may be used in determining prior record level, when a defendant withdraws his appeal to the superior court and the case is remanded to the district court, it is as though the appeal had not been taken and defendant's conviction of the offense occurred upon the date of the entry of judgment in district court.

N.C.G.S. § 15A-1340.14(d).

Appeal by defendant from judgment entered 13 August 1996 by Judge William C. Griffin, Jr., in Beaufort County Superior Court. Heard in the Court of Appeals 9 September 1997.

*Attorney General Michael F. Easley, by Associate Attorney General Teresa L. Harris, for the State.*

*Wayland J. Sermons, Jr., for defendant-appellant.*

MARTIN, John C., Judge.

Defendant appeals from a judgment imposing an active sentence of a minimum term of 30 months and a maximum term of 45 months entered upon his conviction of assault with a deadly weapon inflicting serious injury, a Class E felony. His only assignment of error is to

the trial court's determination of his prior record points pursuant to G.S. § 15A-1340.14(b). We affirm.

The trial court determined that defendant's five (5) prior record points, based upon convictions of one Class H felony and three Class 1 misdemeanors, resulted in a prior record level of III pursuant to G.S. § 15A-1340.14(c), and imposed a sentence within the presumptive range. Defendant argues the trial court erred in separately assessing prior record level points for two Class 1 misdemeanor convictions which he contends occurred at the same session of district court.

Defendant premises his argument upon the following facts: On 9 August 1990 defendant was convicted in the Beaufort County District Court for communicating threats, a Class 1 misdemeanor. His sentence was suspended upon payment of a fine and costs. He appealed his conviction to the superior court. On 6 November 1990, the supe-rior court allowed defendant's motion to withdraw his appeal and ordered the matter remanded to the district court for "immediate exe-cution of its judgment." The record does not disclose the date upon which the case was taken back to the district court for the purpose of defendant's compliance. On 5 November 1990, defendant was con-victed in the District Court of Beaufort County for non-felonious breaking or entering, a Class 1 misdemeanor. His sentence was sus-pended and he was placed on supervised probation. He gave notice of appeal to the superior court. On 8 November 1990, defendant with-drew his notice of appeal. On the same date, he was convicted in the district court for simple assault, a Class 2 misdemeanor.

In determining defendant's prior record points, the trial court treated the non-felonious breaking or entering convictions and the simple assault conviction as having occurred at the same session of district court and assessed one prior record point; the communicat-ing threats conviction was treated separately and the court assessed one prior record point for that conviction. We note that defendant's conviction for simple assault need have not been considered by the trial court because it is a Class 2 misdemeanor for which no prior record points may be assessed for felony sentencing. N.C. Gen. Stat. § 15A-1340.14(b)(5).

Defendant argues that due to the district court schedule at the time, the earliest his conviction for communicating threats could have been taken before the district court after remand was 8 November 1990, the same date upon which he withdrew the appeal of his conviction for non-felonious breaking or entering. Therefore, he

reasons, both convictions occurred at the same session of the district court on 8 November 1990 and, pursuant to G.S. § 1340.14(d), only one of them may be used in determining his prior record level and should have resulted in only one prior record point. Under his argument, his prior record point total would be four (4), and his prior record level would be reduced to II, permitting the possibility of a sentencing alternative other than an active sentence.

G.S. § 15A-1340.14(d) provides, in pertinent part:

For purposes of determining the prior record level,. . . [i]f an offender is convicted of more than one offense in a single session of district court, only one of the convictions is used.

Defendant's argument requires that we decide when an offender's conviction occurs, for purposes of the application of this statute, when the offender is convicted in the district court, appeals the conviction to the superior court, and subsequently withdraws the appeal pursuant to G.S. § 15A-1431(g) or (h), causing the case to be remanded to the district court for execution of the judgment. We hold that, under such circumstances, the conviction occurs upon the date when the offender was originally convicted in the district court.

"Conviction" is defined in Black's Law Dictionary, Sixth Edition (1990), as "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." A defendant convicted in the district court may appeal to the superior court for a trial *de novo*, G.S. §§ 7A-290 & 15A-1431(b), which has the effect "as if the case had been brought there originally and there had been no previous trial" in the district court. *State v. Sparrow*, 276 N.C. 499, 507, 173 S.E.2d 897, 902 (1970). However, the statutes permit a defendant who has appealed a district court conviction to the superior court to withdraw the appeal, in which event the case is remanded to the district court for execution of the judgment. N.C. Gen. Stat. § 15A-1431(g) and (h). When a defendant withdraws his appeal to the superior court, whether as a matter of right pursuant to G.S. § 15A-1431(g) or with leave of the superior court pursuant to G.S. § 15A-1431(h), and the case is remanded to the district court for execution of the district court judgment, it is as though the appeal had not been taken and the defendant's conviction of the offense occurred upon the date of the entry of judgment in the district court.

In this case, defendant was found guilty of communicating threats on 9 August 1990 in the district court and judgment was entered.

Upon his withdrawal of his appeal to superior court, the district court judgment became the final judgment in the case; his conviction occurred on 9 August 1990. The same is true of his conviction for non-felonious breaking or entering on 5 November 1990. The convictions did not occur at the same session of district court and, in sentencing defendant in the present case, the trial court properly assessed one prior record point for each of the Class 1 misdemeanor convictions.

Affirmed.

Judges EAGLES and TIMMONS-GOODSON concur.